UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

ANTONIO and OFELIA LEON,   No. 15-11232

                Debtor(s).
_____/

JUAN DELGADO,

                Plaintiff(s),

    v.   A.P. No. 16-1086

LINDA GREEN, Trustee,

                Defendant(s).
_____/

Memorandum on Motion for Summary Judgment
_____

I. Introduction

       Debtors Antonio and Ofelia Leon filed their Chapter 7 petition on December 3, 2015; Linda Green was appointed Chapter 7 trustee. On March 2, 2016, Green filed an adversary proceeding pursuant to § 363(h) of the Bankruptcy Code[1] alleging that among the assets of the bankruptcy estate

---

[1] Section 363(h) gives a bankruptcy trustee the right to sell both the estate's interest and that of a joint tenant if partition is impracticable. Rule 7001(3) of the Federal Rules of Bankruptcy Procedure specifically requires an adversary proceeding to enforce the right.

1

was a "50% joint tenancy interest in the real property commonly known as 2670 Wild Bill Circle, Santa Rosa . . ." and that "Defendant Juan Delgado has a 50% joint tenancy interest in the property." Delgado did not respond to the complaint, and a default judgment was entered on May 10, 2016.

On June 28, 2016, Delgado commenced this adversary proceeding. In this complaint, he alleges that the Debtors' names were put on title so that he could qualify for a loan; that they have never lived on the property or paid anything for it, and that he is entitled to a decree that the bankruptcy estate does not own an interest in the property. He also prays that Green not be permitted to sell the property pursuant to the earlier judgment.

Green has moved for summary judgment, alleging that § 544(a)(3) of the Bankruptcy Code gives her the rights of a bona fide purchaser of the real property and that this action is barred by the doctrine of claims preclusion. The court agrees with Green on both arguments.

II. Merits

Section 544(a)(3) provides that the debtors' estate has the rights of a bona fide purchaser of real property from the debtors. Since the debtors held record title to 50% of the property, the issue is whether they could have passed good title to their interest to a purchaser under California law without Delgado's knowledge or cooperation. If they could, then their estate owns 50%s of the property notwithstanding Delgado's equitable claims, so he loses on the merits.

In order to prevail on the merits, Delgado must show a cloud on title sufficient to put a potential purchaser on notice of his possible claim. *In re Gurs,* 27 B.R. 163 (9th Cir.BAP 1983). Delgado argues that his exclusive possession of the property is sufficient notice. The court disagrees.

There is nothing of record to indicate that the debtors could not convey valid title to their 50% interest. Under California law, a joint tenant may convey his or her interest to a third party without knowledge or consent of the other joint tenants. 16 **Cal.Jur.3d**, Cotenancy and Joint Ownership, § 26, p.257. Likewise, each joint tenant has an equal right to possession of the whole. *Id* at § 36. Therefore, neither Delgado's name on the deed as a joint owner nor his exclusive possession was

2

inconsistent with the power of the Debtors to convey good title to their 50% ownership of record to a bona fide purchaser. Where possession is not inconsistent with record title, there is no need for further inquiry in order to obtain the status of a bona fide purchaser. *Smith v. Yule* 31 Cal. 180, 184 (1866)["Inquiry does not become a duty where the apparent possession is consistent with the title appearing of record]." *Gates Rubber Company v. Ulman,* 214 Cal.App.3d 356, 365 (1989)["The possession required to impart notice to a subsequent purchaser must be open, notorious, exclusive and visible, and *not consistent with the record title*."] [emphasis in the original]. See also *In re Galino* 779 F.2d 546, 550 (9th Cir.1985), in which the claim of the estate was defeated only because possession was wholly inconsistent with record title.

Delgado's remaining arguments, based on § 541(d) of the Bankruptcy Code or general equitable principles, were all implicitly or expressly rejected in *In re Tleel,* 876 F.2d 769,773 (9th Cir. 1989), which clearly established that the trustee's strong-arm powers take precedence over all equitable claims.

III. Claim Preclusion

Having disposed of the matter on the merits, the court need not decide if this action is barred by claim preclusion. However, the court agrees with Green that it is barred.

Green argues that the claims Delgado asserts here are barred because they could have been raised in the prior adversary proceeding. The court finds that the issues raised in this adversary proceeding were in fact actually adjudicated.

Delgado argues that the bankruptcy estate is not a co-owner of the property. However, § 363(h) is limited to only those situations where the bankruptcy estate is a co-owner. That fact was specifically pleaded, and was an essential element of an action under § 363(h). Delgado's argument in this case, that the bankruptcy estate is not really a co-owner, should have been raised as a defense in the earlier adversary proceeding. In addition, his prayer in this case includes a request for an injunction prohibiting Green from exercising her rights under the prior judgment. These matters have

3

already been adjudicated, and this adversary proceeding is accordingly barred.

Nor does the court's reservation of jurisdiction to allocate the proceeds of sale in any way make the prior judgment anything other than final. Such provisions are standard where problems after sale, including the allocation of liens and encumbrances, might arise. They do not render provisional or interlocutory the adjudication that the bankruptcy estate is a co-owner of the property and Green is therefore entitled to sell it.

IV. Conclusion

For the reasons stated above, Green's motion for summary judgment will be granted and this adversary proceeding will accordingly be dismissed with prejudice. Green shall recover her costs of suit. Counsel for Green shall submit an appropriate form of order and a judgment.

Dated: December 12, 2016

Alan Jaroslovsky
U.S. Bankruptcy Judge